9 F.3d 1550
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Shirley ARAGON, Plaintiff-Appellant,
v.
COLUMBIA UNIVERSITY, Defendant-Appellee.
Shirley ARAGON, Plaintiff-Appellee,
v.
COLUMBIA UNIVERSITY, Defendant-Appellant.
 No. 91-36313.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 6, 1993.
Decided Oct. 27, 1993.
 
 Before: GOODWIN, SCHROEDER, and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Shirley Aragon appeals the district court's judgment, following a bench trial and partial summary judgment, in favor of Columbia University. In her complaint, Aragon alleged that Columbia denied her a position as officer of research with Columbia and terminated her because of her Native American ancestry and her gender, in violation of Washington state and federal civil rights laws. Columbia cross-appeals on the ground that the district court erred in holding that the statute of frauds does not bar Aragon's breach of contract claim. We have jurisdiction over Aragon's appeal under 28 U.S.C. § 1291. We affirm. We dismiss Columbia's cross-appeal as untimely.
 
 BACKGROUND
 
 3
 Appellant Aragon is a woman of Native American ancestry. In 1988, Aragon was working for a Washington foundation on health and education in Native American communities when she learned of project grants, supervised by Dr. Schinke of Columbia, for field work on Native Americans. At an interview for a project manager position, Dr. Schinke explained that Aragon could work as either a casual, hourly-paid employee or as a consultant, paid at a daily rate. Dr. Schinke also explained that Aragon could later apply for any advertised staff associate, officer of research position. Dr. Schinke had no authority from Columbia to offer Aragon an officer of research position.
 
 
 4
 Neither Dr. Schinke nor anyone with authority ever promised Aragon a position for any specified length of time. She knew that, to be selected for an officer of research position, she would need to follow Columbia's complete selection process. In choosing to work for Columbia, Aragon did not rely on any assurances of job security. After working as a consultant and then as a casual employee, Aragon declined to pursue an officer of research position because such a position would involve a substantial pay reduction.
 
 
 5
 In January 1990, Columbia terminated Aragon and several other employees due to lack of project funding. Another Native American woman later assumed Aragon's job duties.
 
 
 6
 In her complaint, Aragon alleged, in relevant part, breach of employment contract, discriminatory employment practices, and intentional infliction of emotional distress, in violation of Washington law, as well as discrimination in violation of federal civil rights law. On August 14, 1991, the district court granted partial summary judgment in favor of Columbia, dismissing Aragon's federal § 1981 claim and state law claim for intentional infliction of emotional distress. On November 22, 1991, after a bench trial, the district court filed findings of fact and conclusions of law and granted judgment for Columbia on Aragon's remaining state law claims for contract breach and discrimination. Aragon appeals.
 
 ANALYSIS
 
 7
 1. The District Court's Grant of Partial Summary Judgment For Columbia
 
 
 8
 We review de novo the district court's grant of partial summary judgment. Jones v. Union Pac. R.R., 968 F.2d 937, 940 (9th Cir.1992) (citations omitted). Viewing the evidence in the light most favorable to the nonmoving party, Aragon, we must determine whether there were any genuine issues of material fact for a trial and whether the district court correctly applied the relevant substantive law. FDIC v. O'Melveny & Meyers, 969 F.2d 744, 747 (9th Cir.1992) (citations omitted) (petition for certiorari pending).
 
 
 9
 The district court granted summary judgment for Columbia on Aragon's federal law claim under 42 U.S.C. § 1981 and her Washington law claim for intentional infliction of emotional distress. To support her § 1981 claim, Aragon alleged that Columbia denied her an officer position because of her race. (Affidavit, p. 9; Response to Motion for Summary Judgment, p. 6). To resist summary judgment successfully, a plaintiff must produce evidence on the prima facie elements of a race discrimination claim: she must offer evidence that she applied for and was rejected from a position for which she was qualified and that the defendant either continued to seek applicants or hired a white person. Patterson v. McLean Credit Union, 491, U.S. 164, 186-87 (1989) (citing Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981)). Aragon did not present evidence to show that Columbia had available officer positions, or rejected her application to hire or seek applications from whites. The white male who became an officer applied for an advertised position before Aragon interviewed to work for Columbia. Moreover, the district court expressly found that Aragon was terminated because Dr. Schinke had overspent his budget, not because of Aragon's race or gender. These findings are supported in the evidence and preclude Aragon from maintaining a successful § 1981 claim.
 
 
 10
 On appeal, the parties debate the effect of post-decision amendments to section 1981 that broadened section 1981 to cover the "performance, modification, and termination of contracts...." 42 U.S.C. § 1981(b). Previously, the section included promotion claims only if they challenged an employer's refusal to grant a change in position that "involved the opportunity to enter into a new contract with the employer." Patterson, 491 U.S. at 185. We need not address the retroactivity issue because a § 1981 plaintiff cannot resist summary judgment successfully unless she presents evidence to show purposeful discrimination. See Imagineering, Inc. v. Kiewit Pacific Co., 976 F.2d 1303, 1313 (9th Cir.1992), cert. denied, 113 S.Ct. 1644 (1993). Because Aragon failed to do so, granting summary judgment on this claim and on Aragon's related claim under § 1988 for attorney fees[1] was proper.
 
 
 11
 Next, Aragon asserts error in the district court's ruling on her claim for intentional infliction of emotional distress. She urges reversal on the ground that racial discrimination can constitute intentional infliction of emotional distress under Washington law. She is correct that, under Washington law, an employee can base her emotional distress claim on racial discrimination by an employer, in violation of Washington or federal law. However, this claim is actionable only if the employer's conduct is so extreme as to go beyond the bounds of all reasonable grounds of decency. Contreras v. Crown Zellerbach Corp., 565 P.2d 1173 (Wash.1977). To support her claim, Aragon alleged only that she had been "used because she was an Indian." (Response to Motion for Summary Judgment, pp. 10, 12). When she was hired, Aragon clearly understood that she would be working on Native American grant projects, and, in connection with her work, it was anticipated that she would use her contacts in Native American communities. Aragon's contention does not demonstrate discrimination or outrageous conduct under Washington law. Thus, summary judgment for Columbia was proper.
 
 
 12
 2. The District Court's Judgment After Trial On Aragon's Remaining Claims
 
 
 13
 We review the district court's findings of fact, whether based on oral or documentary evidence, under the clearly erroneous standard of review. We do not reverse such findings absent a "definite and firm conviction that a mistake has been committed." Meusy v. Montgomery Ward Life Ins. Co., 943 F.2d 1097, 1098 (9th Cir.1991) (citations omitted); Fed.R.Civ.P. 52(a). We review de novo the district court's conclusions of law. Brooker v. Desert Hospital Corp., 947 F.2d 412, 415 (9th Cir.1991) (citations omitted).
 
 
 14
 Aragon challenges the district court's finding that no contract existed that assured Aragon of either an officer of research position or five years of job security. Aragon's challenges are without merit. First, the trial record does not support Aragon's contention that she accepted an offer ratified by Columbia and made with apparent authority. Columbia never promised Aragon an officer position, and no agreement to that effect existed. These facts make irrelevant Dr. Schinke's apparent authority, if any, to offer an officer position and preclude a finding of ratification by Columbia.
 
 
 15
 Second, Aragon contends that an implied five-year contract existed based on her detrimental reliance on an alleged employment offer that included job security. The facts found by the trial court, which are supported by the evidence, show that Columbia never promised Aragon any job security on the five-year grant project. Without evidence that Columbia intended to provide job security to Aragon, there cannot be an implied contract enforceable against Columbia. See Roberts v. Arco, 568 P.2d 764 (Wash.1977) (requiring evidence of more than an employee's subjective expectation before finding an implied agreement).
 
 
 16
 Third and finally, Aragon contends that she performed excess services that amounted to independent consideration, which created a contractual right to job security. She points to the facts that she "stayed [on the job] through troubled times and placed her reputation at their disposal." (Opening Brief, p. 10). However, "the foregoing of other job opportunities is not sufficient independent consideration to defeat an employer's right to terminate employment at will." Roberts v. Arco, 568 P.2d at 769. Accordingly, Aragon had no rights vis-a-vis Columbia, other than as an independent contractor and a casual employee, terminable-at-will.
 
 
 17
 Aragon also challenges the district court's ruling rejecting her claim of racial and gender discrimination in violation of Washington's Law Against Discrimination. Under section 49.60.180, "[i]t is an unfair practice for any employer ... [t]o refuse to hire ... [or] to discharge or bar any person from employment ... because of ... sex, ... race, creed, color [or] national origin...." RCW § 49.60.180(1)-(2). At trial, the plaintiff must prove, by a preponderance of the evidence, a prima facie case of discrimination, after which the defendant employer has the burden of articulating a legitimate, nondiscriminatory reason for refusing to hire or promote, or for terminating an employee. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973) (race discrimination in hiring, decided under Civil Rights Act of 1964, Title VII) (followed in Washington discrimination law cases, see, e.g., Grimwood v. Univ. of Puget Sound, 753 P.2d 517, 520 (Wash.1988) (age-motivated discharge); Jones v. Kitsap County Sanitary Landfill, 803 P.2d 841 (Wash.Ct.App.1991) (holding that the elements of a racial discharge claim parallel those of an age discrimination claim). If the employer meets its burden of production, the plaintiff can satisfy her burden of persuasion only by showing that the employer's proffered reason was a pretext for a discriminatory purpose. Bennett v. Hardy, 784 P.2d 1258, 1262 (Wash.1990) (age-motivated discharge).
 
 
 18
 The district court properly found after trial that Aragon failed to establish a prima facie case of discrimination for Columbia's failure to hire or promote her to an officer position. Aragon needed to prove that, as a member of the statutorily-protected class, she sought a position that she was not given, she was rejected despite being qualified, and Columbia continued to seek applications from similarly-qualified persons. McDonnell Douglas Corp., 411 U.S. at 802. As reasons for Columbia never giving Aragon an officer position, the record at trial shows that she ultimately did not want the lower-paying position, and Columbia never completed the attendant paperwork. Without the processed paperwork, nobody at Columbia could offer Aragon the position. The district court did not err in concluding that Columbia's reasons for not promoting Aragon were not a pretext for racial or gender discrimination.
 
 
 19
 Moreover, Aragon did not establish a prima facie case of discriminatory discharge. To do so, she needed to prove that, as a member of the statutorily-protected class, she was discharged despite satisfactory performance and that she was replaced by a male or a Caucasian. See Grimwood, 753 P.2d at 520. According to the trial record, Columbia did not advertise or fill Aragon's position with either a male or a Caucasian; a Native American woman was the sole person who performed any of Aragon's duties after her termination.
 
 
 20
 Accordingly, the district court did not err in granting judgment in favor of Columbia on Aragon's state discrimination claim and in denying attorney fees on her related claim under section 49.60.030.[2]
 
 
 21
 3. Columbia's Request For Sanctions and Costs Award
 
 
 22
 Columbia requests an award of its costs and attorney fees on appeal pursuant to Ninth Circuit Rule 39-1. In the exercise of our discretion, we deny the request.
 
 
 23
 Columbia also requests that we impose monetary sanctions on Aragon and her counsel under Circuit Rule 42-1, which penalizes an appellant's failure to comply with rules for processing an appeal. In support of its request, Columbia lists a chronology of violations by Aragon, (Appellee Brief p. 38-39). Nonetheless, in the exercise of our discretion, we deny Columbia's request for sanctions.
 
 4. Columbia's Cross-Appeal
 
 24
 Columbia cross-appeals, alleging that the district court erred by holding that the statute of frauds does not bar Aragon's breach of contract claim. We lack jurisdiction over the cross-appeal due to untimely filing. Federal Rule of Appellate Procedure 4(a)(3) permits filing within the later of fourteen days after timely filing of the first notice of appeal and thirty days after entry of an appealable judgment. FRAP 4(a)(3). Columbia filed its notice of cross-appeal on December 26, 1991, even though final judgment was entered on October 31, 1991, further judgment was entered on November 22, 1991, and Aragon filed notices of appeal on October 13 and December 10, 1991. We, therefore, dismiss Columbia's cross-appeal as untimely, regardless of which judgment date is operative.
 
 
 25
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 1988 grants courts discretion to allow "a reasonable attorney's fee as part of the costs" to the prevailing party in any action or proceeding to enforce section 1981. 42 U.S.C. § 1988(b)
 
 
 [2]
 Section 49.60.030 creates a private right of action for violations of the anti-discrimination law, which includes a right to recover "the cost of suit including reasonable attorney's fees...." RCW § 49.60.030